Michael B. Palillo P.C.
Attorneys for the Plaintiff
277 Broadway Suite 501
New York, New York 10007
212-608-8959
212-608-0304
mpalillo@palillolaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X   Civil Action No:
LIAM COLLINS AND OMAR MARROW              Date Filed:

                     Plaintiffs,

  -against-                                **VERIFIED**
                                                                                                **COMPLAINT**
THE CITY OF NEW YORK                     Jury Trial Demanded
POLICE OFFICER RYAN GIUFFRE, BADGE
# 93986, TAX REGISTRY # 949032, AND
OTHER UNIDENTIFIED OFFICERS "JOHN DOES"
AND "JANE DOES" 1-20 NAMES FICTITIOUS,
TRUE NAMES UNKNOWN INTENDED TO
DESIGNATE POLICE OFFICERS AND
DETECTIVES OF THE 83rd PRECINCT
AT THE TIMES AND PLACES ALLEGED

                     Defendants.
----------------------------------------X
S I R S:

      Plaintiffs, LIAM COLLINS and OMAR MARROW, by their attorney, MICHAEL B. PALILLO, P.C., complaining of the Defendants, allege upon information and belief as follows:

### JURISDICTION AND VENUE

      That the jurisdiction of this Court is invoked under the Provisions of Sections 1331 and 1343 of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code,

and under the pendent jurisdiction of this Court with respect to the causes of action under State Law sounding in tort.

Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and © because a substantial part of the events and omissions giving rise to the action occurred in this District. **42 U.S.C. 1985**

**PARTIES AND FACTS**

1. That this is an action for money damages to redress deprivation by Defendants of the rights secured to the Plaintiffs, LIAM COLLINS and OMAR MARROW, under the Constitution and Laws of the United States of America and the State of New York.

2. That the Plaintiffs, at all dates and times hereinafter mentioned, were and still reside at 195 Weirfield Street Apt. 3, County of Kings, State of New York

3. That at all times hereinafter mentioned, the Defendant, THE CITY OF NEW YORK, [hereinafter "CITY"], was and still is a Municipal corporation duly organized and existing under and by virtue of the Laws of the State of New York.

4. That at all times hereinafter mentioned, THE NEW YORK CITY POLICE DEPARTMENT, was and still is a Department and/or Agency of the CITY OF NEW YORK and operates under its supervision, management, and control and which is responsible

for the appointment, training, supervision, promotion and discipline of police officers, detectives, and supervisory police officers and detectives, including the individually named Defendants herein. Defendant, "CITY" as an employer of the individual Defendant officers is responsible for their wrongdoing under the doctrine of *respondeat superior.*

5. Upon information and belief that at all dates and times hereinafter mentioned, POLICE OFFICER RYAN GIUFFRE, TAX REGISTRY NUMBER 949032, and OTHER UNIDENTIFIED OFFICERS "JOHN DOES" and "JANE DOES" 1-20 were designated Police Officers assigned to the 83rd Precinct etc., were agents, servants, and/or employees of the New York City Police Department, a municipal agency for THE CITY OF NEW YORK and acted within the scope of their employment as such.

6. The actions of the Defendants POLICE OFFICER RYAN GIUFFRE and other unidentified officers "JOHN DOES" AND "JANE DOES" 1-20 occurred while they were in the course of and within the scope of their duty and function as New York City Police officers as agents servants and/or employees of the CITY OF NEW YORK.

7. The "CITY" as a municipal entity is authorized under the laws of the State of New York to maintain a police department known as the New York City Police Department which

acts as its agent in the area of law enforcement and for which it is ultimately responsible.

8. The "CITY" assumes the risk incidental to the maintenance of its police force and employment of police officers.

9. Upon information and belief, the law enforcement activity of the "CITY" and New York City Police Department are funded in part with funds from the Federal Government.

10. That a Notice of Claim was duly presented to the CITY OF NEW YORK at the Office of the Comptroller of the City of New York on the 15th day of December 2016 on behalf of LIAM COLLINS and OMAR MARROW which was within ninety (90) days of the cause of action accrued herein.

11. That the "CITY" has demanded a hearing, pursuant to §50-H of the General Municipal Law, and the hearing scheduled for Liam Collins was held on May 23, 2017.

12. That the CITY OF NEW YORK has demanded a hearing, pursuant to §50-H of the General Municipal Law, and the hearing scheduled for Omar Marrow was held on May 19, 2017.

13. Said claims have been presented for adjustment and payment and no adjustment or payment has been had.

14. This action has been brought within one year and ninety (90) days of the happening of the event complained of.

15. That at all times herein mentioned, the Defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, rules, regulations, customs, and usages of the City and State of New York.

16. The within claim against the Defendants is for unlawful search and seizure, unlawful arrest, false imprisonment, unlawful pat down, unlawful detainment, assault, battery, negligence, negligent hiring, training, stopped, accused, detained and/or falsely charged with crimes, in violation of laws which include and are not limited to:

> 28 U.S.C. §§ 1331, 1343 (3) and 1367 (a)
> 42 U.S.C. 1983 (Section 1983)
> Fourth and Fourteenth Amendments to the United States Constitution;
> The laws of the State of New York;
> Common law torts of false imprisonment/arrest;
> Non consensual detention;
> Refusal to allow the Plaintiffs to leave an area and physically preventing them from leaving an area for a long period of time without their consent and against their will;
> Negligence;
> Excessive force;

>Assault and Battery;
>
>In placing the Plaintiffs in imminent and offensive bodily contact and/or wrongfully subjecting them to offensive physical contact without their consent;
>
>In subjecting the Plaintiffs to a body search. Malicious prosecution;

17. The within claim arose on October 12, 2016 at approximately 6:30 A.M. -7:00 A.M. inside and outside of the premises 195 Weirfield Street, Apt. 3, Brooklyn, New York, 11221, Apt. 3, hereinafter known as "THE PREMISES", inside a police van, inside the 83rd pct. and the Criminal Court Kings County.

18. That LIAM COLLINS and OMAR MARROW were lawfully inside "THE PREMISES" asleep and/or in their beds but not asleep.

19. LIAM COLLINS and OMAR MARROW were subject to an unlawful arrest, assault, battery, and unlawful imprisonment when "POLICE OFFICER RYAN GIUFFRE," upon information and belief, participated in forcibly breaking down the entrance door of Plaintiffs' apartment and bedroom doors with other officers, upon information and belief, without a warrant, entered with guns drawn, held a gun pointed at the face of LIAM COLLINS,

6

participated in forcibly removing/pulling Plaintiffs from their beds, pinning them against a wall, handcuffing them, searching them, and holding them in their apartment in handcuffs.

OMAR MARROW was placed in handcuffs in his apartment. He was wearing pajamas and tee shirt, without socks or shoes on. He was allowed to put shoes and a pair of pants on. He was brought down a hallway to the second floor.

LIAM COLLINS was held in his apartment for approximately ten (10) minutes without shoes on. He was then taken from his apartment in pajamas and without shoes on. While being removed from his room and apartment the right side of his face was struck against the wall. He was taken to the second (2) floor in pajamas and without shoes on, handcuffed and held for approximately ten (10) minutes.

LIAM COLLINS was paraded inside the building where he resided, forcibly paraded out of his apartment in his pajamas, without shoes on, in public view of all to see. In spite of his repeated requests to the Defendants to allow him to get dressed he was not given a pair of pants or shoes to wear. He was taken in handcuffs to a police van located at the corner of Central Avenue and Weirfield Street, placed into a police van alone for approximately thirty (30) to forty-five (45) minutes

before OMAR MARROW was brought to the police van. He was eventually give a pair of socks but no shoes.

OMAR MARROW was pinned against a hallway wall and handcuffed, searched and held in his apartment for approximately ten (10) minutes in handcuffs when he was forcible removed from his apartment, forcibly taken outside of his apartment street and onto a public sidewalk and placed in a police van for approximately twenty (20) minutes.

OMAR MARROW and LIAM COLLINS were transported to the 83rd pct. in handcuffs, which took approximately twenty (20) minutes, searched again, kept in a holding cell at the 83rd precinct for approximately four (4) hours, fingerprinted, processed, photographed, given a desk appearance tickets to go to the Criminal Court Kings County 120 Schemerhorn Street, Brooklyn, New York on November 22, 2016 for violation of Penal Law 221.05, UNLAWFUL POSSESSION OF MARIJUANA, and then released.

20. Upon their release from the 83rd pct. OMAR MARROW and LIAM COLLINS walked home. LIAM COLLINS walked home only wearing socks. The walk was approximately twenty (20) to thirty (30) minutes long.

21. The Plaintiffs were caused to appear in the Criminal Court Kings County 120 Schemerhorn Street Brooklyn, New York on November 22, 2016.

22. That on November 22, 2016, the Plaintiffs were told that their cases were not on the Courts calendar but they would receive a letter to come back to Court.

23. Upon information and belief the Plaintiffs never received a letter to return to Court.

24. That upon information and belief LIAM COLLINS and OMAR MARROW were subject to an unlawful arrest.

25. No facts existed that would give rise to the inference that Plaintiffs LIAM COLLINS and OMAR MARROW committed any crimes or their actions in any other way were unlawful.

26. That the Plaintiffs were forcibly taken out of their bedrooms and apartment. Paraded in handcuffs in the open and on a public sidewalk.

27. That the Plaintiffs were paraded in handcuffs into a police vehicle where they were kept.

28. That the Plaintiffs were driven in handcuffs to the 83rd Precinct.

29. That the Plaintiffs were paraded out of the police van, out in the open, then into the 83rd police station in handcuffs.

30. That the Plaintiffs were interrogated, searched, processed, photographed, and fingerprinted.

31. That the Plaintiffs were placed into a holding cell for approximately four (4) hours.

32. LIAM COLLINS and OMAR MARROW were aware of their confinement, did not consent to their confinement, the placing of hands onto their person, and their arrest and detainment was not otherwise privileged.

**AS AND FOR A FIRST CAUSE OF ACTION**

33. Plaintiffs repeat, reiterate, reallege, and incorporate by reference each and every allegation previously set forth herein at length.

34. That the Defendants demonstrated a lack of justification for arresting, searching, seizing, and particularly handcuffing, parading them on a public sidewalk, placing them into police custody, transporting them to a police station, searching them, placing them in a holding cell, detaining them, holding them, and thereafter releasing them.

35. The Plaintiffs were subject to a search and seizure of their person and belongings, falsely detained, and taken into custody, arrested, and unlawfully imprisoned, all against their will and without their consent, by the agents, servants and/or employees of the "CITY."

36. That the Defendants, their agents, servants, and employees acted without probable cause or reasonable suspicion

to believe that LIAM COLLINS and OMAR MARROW had committed, were committing, were immediately about to commit any crime, offense or violation, or reasonable cause to believe that any criminal activity was afoot when they seized them in their apartment and bedrooms; handcuffed them; assaulted them by placing their hands onto them without their permission and/or consent; arrested them; kept the Plaintiffs handcuffed in their apartment; paraded inside and outside their apartment in handcuffs in public view; put into a police vehicle in handcuffs; forcibly transported the Plaintiffs to the 83rd Precinct against their will in handcuffs, by the agents, servants and/or employees of the CITY where they were placed in a holding cell; searched; interrogated;

37. In this regard the Defendants continued to engage in a practice implement and continue to enforce, encourage and sanction policies, practices, and/or customs that result in a pattern and practice of unconstitutional stops, searches, seizures, questioning, false arrests of innocent individuals.

38. Through the actions described above the Defendants have acted knowingly, intentionally, maliciously, and/or with willful, wanton, and reckless disregard for LIAM COLLINS' and OMAR MARROW's federally and State protected civil rights.

39. That the Defendants have engaged in widespread constitutional abuses which have flourished as a result of,

directly and proximately caused by ongoing pattern, practices, conspiracy, policies, and/or customs devised, implemented, and enforced by the NYPD.

40. That the Defendants knew or should have known that their actions as described above were in violation of law.

41. That as a proximate/direct result of the actions and inactions of the "CITY," its agents, servants and/or employees, LIAM COLLINS and OMAR MARROW, upon information and belief, suffered emotional injuries and damage to their reputation for which they may be required to seek additional medical care and treatment in the future.

42. LIAM COLLINS and OMAR MARROW suffered serious emotional injuries, stress upon their physical system, psychological, and/or emotional injury and anxiety, and damages the full extent of which is not known at this time, for which they may be required to seek medical care and treatment for in the future.

43. The Plaintiffs seek compensatory damages as authorized and permitted to the highest extent of the Law.

44. As a result of the Defendants acting knowingly, intentionally, and/or willfully and/or with willful, wanton, and reckless disregard for LIAM COLLINS and OMAR MARROW and/or their Federally protected rights, Plaintiffs seeks punitive damages.

**AS AND FOR A SECOND CAUSE OF ACTION**

45. Plaintiffs repeat, reiterate, reallege, and incorporate by reference each and every allegation previously set forth herein at length.

46. The Fourth Amendment of the United States Constitution prohibits police officers from conducting stops without a reasonable, articulable suspicion of criminal conduct and searching, seizing, or arresting persons without probable cause.

47. THE CITY OF NEW YORK, its agents, servants and/or employees, have engaged in pervasive, unconstitutional practices which are a direct and proximate result of policies, practices, and/or customs devised implemented, enforced and sanctioned by the "CITY" with the knowledge that such policies, practices, and customs would lead to violations of the Fourth and Fourteenth Amendments.

48. These practices, policies, and customs include but are not limited to failing to properly screen, train, and supervise New York City Police Department officers, failing to adequately monitor and disciple New York City Police Department officers, and encouraging, sanctioning, and failing to rectify the New York City Police Department's custom and practices of

unlawful stops searches seizures and arrests.

49. That the "CITY," its agents, servants and/or employees having knowledge that the work of the New York City Police Department demands extensive training, superior judgment, and close supervision, the "CITY" failed to properly screen, train, and supervise New York City Police Departments officers, including supervisors, concerning the legal and factual basis for conducting stops, searches, seizures, and/or arrests, knowing that such failures would result in Constitutional violations, such as in the case at bar.

50. That the "CITY," its agents, servants, and/or employees have engaged in widespread abuses that are directly and proximately the result of the failure of "CITY," its agents, servants and/or employees to properly and adequately monitor disciple, to take necessary corrective actions against the New York City Police Department who engage in, encourage or conceal these unconstitutional practices, to take sufficient corrective, disciplinary and remedial action to combat the so called "blue wall of silence" wherein the New York City Police Department conceal on a consistent basis police misconduct or fail and refused to report same.

51. The "CITY," as well as the actions of its agents,

14

servants, and/or employees constitute constitutional abuses, have acted with deliberate indifference to the constitutional rights of the Plaintiffs in violation of the Fourth Amendment.

52. That the action of the "CITY," its agent's servants and/or employees, constitute constitutional abuses and violations which were and are directly and proximately caused by the policies, practices and customs implemented enforced and encouraged by the "CITY" its agents, servants, and/or employees and have acted with deliberate indifference to the constitutional rights of the Plaintiffs.

53. The "CITY," its agents, servants, and/or employees have acted with deliberate indifference to the constitutional rights of those who would come into contact with the NYPD officers by a) inadequately monitoring NYPD officers and their practices related to crime enforcement, failing to sufficiently discipline NYPD officers who engage in constitutional abuses and encouraging, sanctioning and failing to ratify the NYPD's unconstitutional practices, that responding officers did not inquire into the factual basis for arrest and detention or whether there were any objective facts which could establish probable cause to arrest the individual, but rather has a policy, practice, and/or custom of relying on conclusions made rather than inquiring into whether there are facts known which

establish that probable cause to arrest existed, with a deliberate indifference by routinely arresting individuals without knowing whether they actually have probable cause to arrest.

54. As a direct and proximate cause of the policies, practices, and/or customs the plaintiffs were subject to unconstitutional searches, seizures, questioning, unlawful detainments, assaulted, battery, false imprisonments, false arrests by the "CITY," its agents, servants and/or employees and malicious prosecution.

55. That the "CITY," its agents, servants, and/or employees have acted with a deliberate indifference to the Plaintiffs' Fourth Amendment rights.

56. The "CITY," its agents, servants, and employees having acted under color of law to deprive the Plaintiffs of their rights under the Fourth Amendment, which prohibits the deprivation under color of State Law of the rights secured under the United States Constitution.

57. The policies of the "CITY," its agents, servants, and/or employees have subjected the Plaintiffs to a search, seizure, and arrest without any reasonable, articulable suspicion of criminality or probable cause.

58. As a result of the foregoing the Plaintiffs have

suffered serious and irreparable harm to their constitutional rights.

### AS AND FOR A THIRD CAUSE OF ACTION

59. Plaintiffs repeat, reiterate, reallege, and incorporate by reference each and every allegation previously set forth herein at length.

60. That the "CITY," its agents, servants, and/or employees have engaged in a deliberate indifference to the Fourteenth Amendment rights of the Plaintiffs as a result of which Plaintiffs' rights have been violated.

61. As a direct and proximate result of the acts and omissions of the "CITY," their agents, servants, and/or employees acting under color of state law deprived the Plaintiffs of their Fourteenth Amendment rights in violation of 42 U.S.C. 1983.

62. As a result of the foregoing the Plaintiffs have suffered serious and irreparable harm to their constitutional rights.

### AS AND FOR A FOURTH CAUSE OF ACTION

63. Plaintiffs repeat, reiterate, reallege, and incorporate by reference each and every allegation previously set forth herein at length.

64. That the Defendants have committed the following

wrongful acts against the Plaintiffs which are tortuous under the Constitution and Laws of the State of New York:

> Assault;
> Battery;
> Unlawful search and seizure;
> False arrest;
> False imprisonment;
> Malicious prosecution;
> Negligence;
> Violation of rights otherwise guaranteed under the constitution and laws of the State of New York.

65. That the "CITY," its agents, servants, and/or employees were negligent, careless and reckless in the hiring screening training and retention of police officers.

66. The actions of the Defendants were a direct and proximate cause of injury and damages to the Plaintiffs and violated the statutory and common law rights as guaranteed to them under the Constitution and Laws of the State of New York.

### AS AND FOR A SIXTH CAUSE OF ACTION

67. Plaintiffs repeat, reiterate, reallege, and incorporate by reference each and every allegation previously set forth herein at length.

68. That as a result of the foregoing the Plaintiffs are entitled to an award of reasonable attorneys fees.

### PRAYER FOR RELIEF

a) Awarding LIAM COLLINS and OMAR MARROW compensatory and

punitive damages against the Defendants in amounts that are fair, just and reasonable to be determined at trial.

b) Awarding compensatory damages in an amount that would fully compensate LIAM COLLINS and OMAR MARROW, and prejudgement interest, mental anguish, emotional pain and suffering, humiliation, embarrassment, physical injury, emotional distress, feelings of paranoia and distrust, depression, low self esteem, sleep deprivation, loss of enjoyment of life, and interference with life's daily activities, as well as continued stress and anxiety caused by the Defendants violations of the law alleged in the Complaint, in an amount to be determined at trial;

c) Declaring the policy, practice and customs of the "CITY" and "NYPD" herein as unconstitutional as it violates the 4th and 14th Amendments of the U.S. Constitution and Law of the State of New York;

d) Enjoining the "CITY" and "NYPD" from continuing its policy, practice, and custom.

e) Enjoining the "CITY" and "NYPD" from continuing its policy, practice, and custom based on racial and/or national origin.

f) Awarding Plaintiffs reasonable attorneys' fees against the Defendants;

g) Order all other relief deemed just, proper, and equitable by

the Court.

**JURY DEMANDED**

Plaintiff demands a trial by jury of all issues of fact and damages.

Dated: September 12, 2017
       New York, New York

_____
MICHAEL B. PALILLO (0044)